Filed 5/6/14  P. v. Alexander CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B248082 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA081780) |
| v. | |
| RICKY LANE ALEXANDER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Cynthia Rayvis, Judge.  Affirmed.

Murray A. Rosenberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven E. Mercer and Alene M. Games, Deputy Attorneys General, for Plaintiff and Respondent.

_____

In an information filed by the Los Angeles District Attorney, defendant and appellant Ricky Lane Alexander was charged with possession for sale of cocaine base (count I; Health & Saf. Code, § 11351.5) and possession for sale of methamphetamine (count II; Health & Saf. Code, § 11378). As to both counts, it was alleged that appellant had suffered a prior drug-related conviction within the meaning of Health and Safety Code section 11370.2, subdivisions (a) and (c). Appellant pleaded not guilty and denied the special allegation.

On January 30, 2013, on the People's motion, the trial court ordered that the information be amended by interlineations to add count III, a violation of Health and Safety Code section 11350, subdivision (a). Appellant waived his rights to a trial and pleaded no contest to count III. Counts I and II were dismissed in the furtherance of justice.

Appellant was placed on formal probation for five years, on the term, inter alia, that he serve 306 days in county jail. He received presentence credit, for a total credit of 153 days of actual custody, plus 153 days of conduct credit for a total credit of 306 days. The trial court ordered him to pay a $240 restitution fine pursuant to Penal Code section 1202.4, subdivision (b), a $40 court security fee pursuant to Penal Code section 1465.8, and a $30 criminal conviction assessment pursuant to Government Code section 70373. The trial court imposed and stayed a $240 parole revocation fine pursuant to Penal Code section 1202.45.

Appellant timely filed a notice of appeal, and the trial court granted his request for a certificate of probable cause.

**FACTUAL BACKGROUND**

On August 31, 2012, Santa Monica Police Officer Alfonso Lozano searched a residence pursuant to a search warrant. Appellant was in the residence and said that he had been residing in the living room for three months.

Between couches in the living room, officers found a single roller skate with a red flashlight inside. The flashlight contained a baggie with 2.96 grams of cocaine base. In a corner of the living room, officers found a black flashlight, which contained three

2

baggies; one contained 0.15 grams of methamphetamine, one contained 0.34 grams of methamphetamine, and one contained 0.31 grams of rock cocaine. There was a digital scale near the black flashlight.

Officers searched appellant and collected two burnt marijuana cigarettes from his sock. His cell phone contained three recent drug-related messages. Officer Lozano opined that appellant possessed the narcotics for sale.

## DISCUSSION

I. *The trial court did not abuse its discretion in denying appellant's second* Marsden[1] *motion*

Appellant argues that the trial court committed reversible error when it denied his second *Marsden* motion. Specifically, he claims that the trial court erred because he made a sufficient showing that his right to effective assistance of counsel would have been substantially impaired if his trial counsel continued to represent him during the post-sentencing phase.

A. Relevant proceedings

On November 5, 2012, appellant was represented by Victor Escobedo, an attorney with the Alternate Public Defender's Office. The People had made appellant a plea offer that appellant and/or his attorney needed time to consider.

At the next hearing on November 19, 2012, appellant brought a *Marsden* motion. Appellant complained that Mr. Escobedo was not filing any motions on his behalf, was working with the district attorney's office, and just wanted appellant to accept a plea bargain. Mr. Escobedo stated that the evidence indicated that appellant was selling drugs from the residence, particularly the drug-related messages on appellant's cell phone. Counsel believed that the People had made "a very good offer" in light of the evidence and appellant's prior drug-related convictions. The trial court told appellant, "[I]t does appear that your attorney[ is] doing everything he can." Appellant then stated that he

---

[1] *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

wanted to exercise his right pursuant to *Faretta v. California* (1975) 422 U.S. 806 to represent himself.

Back in open court, the trial court advised appellant the following: "There are many dangerous disadvantages of representing yourself." Appellant affirmed that he wanted to represent himself. However, during discussions about scheduling appellant's trial, appellant, said, "Ma'am, I'm thinking now, could we leave it with Escobedo and go to trial two weeks from now?" Appellant withdrew his request to represent himself.

At a hearing on January 28, 2013, appellant rejected the People's plea offer of 16 months for count II. At a hearing on January 30, 2013, the People amended the information to add count III. The prosecutor stated that he was amending the information because he "felt there was insufficient evidence to show that the cocaine was possessed for sale." Appellant was advised of his rights, including the right to a jury trial as well as "The nature of the charges against him, the element of the offense in the information and possible defenses to such charges." Thereafter, the record indicates that appellant "with the court[']s approval, pleads nolo contendere to count 03[,] a violation of [Health and Safety Code section 11350, subdivision (a)]. The court finds the defendant guilty."

On March 8, 2013, appellant appeared in court and asked to withdraw his plea. The trial court replied that appellant or his attorney would have to file a motion and then it would set a hearing date. Mr. Escobedo stated that he was unaware of appellant's request and that he did not think that there was a basis for such a motion. Appellant indicated that he had talked with a supervisor at the Alternate Public Defender's Office, David Cho, who informed him that he could request to withdraw his plea.

During a break in the proceedings, Mr. Cho told the trial court that appellant had said that he wanted to withdraw his plea based on an assertion of ineffective assistance of counsel by Mr. Escobedo. Mr. Cho stated that he told appellant that his office would not file a motion asserting that his office was ineffective. Mr. Cho recommended that the trial court hold a *Marsden* hearing to determine whether appellant had a colorable claim.

The trial court excused the prosecutor and held a *Marsden* hearing, during which appellant claimed that Mr. Escobedo told him that the new charge (count III), was for

4

possession only. The only drug found on appellant, and therefore possessed by him, was marijuana. Because appellant believed that he was being charged with possession of marijuana, he wanted to withdraw his plea to possession of cocaine.

Mr. Escobedo responded that appellant knew that the original charges revolved around cocaine and methamphetamine; the evidence indicated that appellant lived in the residence; and appellant was the one who suggested a possession charge. Thus, there was no misunderstanding about what the nature of the charges were against him.

The trial court denied appellant's motion. In so doing, it noted that the prosecutor offered appellant a reduced charge because there was insufficient evidence that the cocaine was possessed for sale, which would "logically mean" that appellant was pleading to possession of cocaine. Also, appellant had indicated that he understood the plea form that he signed. Thus, the trial court determined that appellant's right to counsel was not substantially impaired; he was given adequate representation. In fact, "Mr. Escobedo got what can only be called a good deal for you, and it appears from everything I've seen and heard, that you were adequately informed exactly [of] what you were pleading to. There was no mention of marijuana at any time."

B. Applicable law

In *Marsden*, the California Supreme Court held that a defendant seeking substitution of counsel must be permitted by the trial court to specify the reasons for the request. (*Marsden*, *supra*, 2 Cal.3d at p. 124.) A trial court's duties under *Marsden* are fully performed when it affords a defendant the opportunity to present the grounds for his motion. (*People v. Majors* (1998) 18 Cal.4th 385, 412–413.)

An indigent defendant does not have the right to the appointment of new counsel absent a clear and substantial showing of inadequate representation or that the defendant and counsel have become embroiled in such an irreconcilable conflict that ineffective representation is likely to result. (*People v. Myles* (2012) 53 Cal.4th 1181, 1207*; People v. Clark* (2011) 52 Cal.4th 856, 912.) But, tactical disagreements between a defendant and his appointed counsel, or a defendant's frustration with counsel, are not sufficient cause for substitution of counsel. (*People v. Myles*, *supra*, at p. 1207; *People v. Jackson*

5

(2009) 45 Cal.4th 662, 688.)  Further, a defendant need not have a """"meaningful relationship"""" with his counsel in order to receive effective representation.  (*People v. Clark* (1992) 3 Cal.4th 41, 100.)

The decision of the trial court on a defendant's *Marsden* motion will not be reversed absent an abuse of discretion.  (*People v. Myles*, *supra*, 53 Cal.4th at p. 1207.)

C.  Analysis

Here, the appellate record establishes that the trial court conducted a *Marsden* hearing when appellant stated that he wanted to withdraw his guilty plea on the ground that his attorney provided ineffective assistance.  According to appellant, Mr. Escobedo did not properly inform him regarding the charge to which he was pleading guilty.  Appellant thought that the charge was possession of marijuana.  But, according to Mr. Escobedo, none of appellant's charges related to marijuana; the only issue discussed was reducing the possession for sale of cocaine to a straight possession charge.  "The court was entitled to credit counsel's representations in this regard."  (*People v. Myles*, *supra*, 53 Cal.4th at p. 1207.)

After listening to appellant's complaints and defense counsel's explanations, the trial court reasonably concluded that appellant had not shown a substantial impairment of his right to counsel.  (*People v. Clark*, *supra*, 52 Cal.4th at p. 912.)  The trial court did far more than rely solely on its courtroom observations.  Rather, the record shows that the trial court gave appellant the opportunity to relate specific acts of misconduct and areas of dissatisfaction.  Thus, he was not entitled to substitute counsel and the trial court did not abuse its discretion in denying appellant's *Marsden* motion.

II. *The trial court did not abuse its discretion by finding no materials responsive to appellant's discovery request*

Pursuant to *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*), appellant moved for discovery of personnel information relating to Officer Lozano regarding numerous types of misconduct.  The trial court granted the motion.  After examining the officer's personnel files in camera, the trial court found no materials responsive to the

discovery request.  On appeal, appellant asks us to independently review for error the sealed record of the in camera proceeding.  The People do not object to this request.

When requested by an appellant, an appellate court may independently review the transcript of the trial court's in camera *Pitchess* hearing to determine whether the trial court disclosed all relevant complaints.  (*People v. Mooc* (2001) 26 Cal.4th 1216, 1229–1232.)  A trial court is vested with broad discretion in ruling on a defendant's motion to discover peace officer records, and we review the trial court's ruling on a *Pitchess* motion for abuse of that discretion.  (*People v. Samayoa* (1997) 15 Cal.4th 795, 827.)

We have reviewed the record of these proceedings, including a sealed reporter's transcript of the review of Officer Lozano's personnel records.  We conclude that the trial court properly evaluated the materials and its order concerning the disclosure of the *Pitchess* materials was correct.

## DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
ASHMANN-GERST


We concur:


_____, P. J.
BOREN


_____, J.
CHAVEZ


7